IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW WALTER MILLER,<br>    Plaintiff, | ) <br> ) <br> ) | |
| vs. | ) | Civil Action No. 16-924 |
| THE COMMONWEALTH OF PENNSYLVANIA,<br>    Defendant. | ) <br> ) <br> ) | Magistrate Judge Mitchell |

REPORT AND RECOMMENDATION

I.     Recommendation

It is respectfully recommended that the motion for leave to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and that the case be marked closed.

II.     Report

Plaintiff, Andrew Walter Miller, has submitted a civil rights action pursuant to 28 U.S.C. § 1983, which he seeks leave to prosecute in forma pauperis. In his original submission, received in this Court on June 23, 2016, which was accompanied by neither the $400 filing fee nor a motion to proceed in forma pauperis (IFP), he indicated only that he wished to sue the Commonwealth of Pennsylvania for "medical malpractice, assault, racial profiling, harassment, threats." (ECF No. 1.) In an order dated June 27, 2016, he was directed to file either the fee or a completed motion to proceed IFP, as well as a factually based complaint based either on the form which was enclosed or in some other manner providing the necessary factual basis upon which to proceed. (ECF No. 2.)

On July 8, 2016, the Court received the following submissions from Plaintiff: 1) an application to proceed IFP, on which the numbers regarding his income are indecipherable; 2) a form complaint, on which he has written that the basis for jurisdiction is "prejudice" and that the relief he is seeking is "medical malpractice, assault"; 3) an exhibit, which appears to consist of

medical records from several visits to UPMC McKeesport but which is non-informative as to the nature of Plaintiff's complaint; 4) a Civil Cover Sheet, on which he has checked multiple boxes (including insurance, personal injury, other fraud, federal tax suits, and False Claims Act, and all of the civil categories on the second page are checked; 5) a form to elect either a magistrate judge or a district judge to exercise jurisdiction over his case, on which he has completed both sections; and 6) a "motion to be filed I need you to help me on my case because you help God, free to sue his world the Devil Lucifer for prejudice." On each of these documents, Plaintiff has now indicated that the plaintiff in this action is "God" and the Defendant is "Devil Lucifer."

For the reasons that follow, the motion to proceed in forma pauperis should be denied pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and the case should be marked closed.

Standard of Review

The in forma pauperis statute states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or

(B) the action or appeal—

   (i) is frivolous or malicious;

   (ii) fails to state a claim upon which relief may be granted; or

   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The Court of Appeals has noted that non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)." Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002). Thus, the Court must screen the complaint to determine if it is frivolous or fails to state a claim upon which relief may be granted.

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v.

2

Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Fantastical or delusional claims that are clearly baseless are insufficient to withstand the court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 33 (1992).

As cited above, in Plaintiff's submissions, he claims to be "God" and indicates that he is suing the "Devil Lucifer," possibly over some undefined medical malpractice involving visits to UPMC McKeesport. These allegations qualify as fantastic or delusional and meet the definition of the term "frivolous."

The Court of Appeals has held that a plaintiff should be permitted to amend a complaint unless such amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Plaintiff has already amended his complaint once and it is clear that further amendments would be futile.

For these reasons, it is respectfully recommended that the motion for leave to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and that the case be marked closed.

Plaintiff must seek review by the district judge by filing objections by July 25, 2016. Failure to file timely objections will waive the right of appeal.

                                              Respectfully submitted,

                                              s/Robert C. Mitchell
                                              ROBERT C. MITCHELL
                                              United States Magistrate Judge

Dated: July 11, 2016

cc:     Andrew Walter Miller
        530 Evans Avenue, 2nd Floor Apt.
        McKeesport, PA 15131